**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | |
|---|---|
| **SONIA SHORT AND CHRISTOPHER SHORT,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**TRAVELERS PERSONAL INSURANCE COMPANY,**<br><br>**Defendant.** | **Civil Action No. 5:26-cv-00126-TTC-JCH** |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant Travelers Personal Insurance Company ("Travelers"), by counsel, states as follows as its Answer and Affirmative Defenses to the Civil Action Complaint ("Complaint") filed by Plaintiffs Sonia Short and Christopher Short.

## I. NATURE OF THE ACTION

1. In response to Paragraph 1, Travelers states that the first sentence states a legal conclusion for which no response is required. Further, Travelers admits that it issued Policy No. 608487015 633 1 to Christopher Short and Sonia Short, for the period of February 14, 2025 to February 14, 2026 (the "Policy"). The Policy is a written document which speaks for itself and Travelers denies all allegations of Paragraph 1 to the extent they misstate or mischaracterize the terms of the Policy. Travelers further admits that the Plaintiffs contacted Travelers to report a claim, which Travelers acknowledged and investigated, and Travelers paid Plaintiffs $1,582.54 in accordance with its obligations under the Policy. Travelers denies all remaining allegations in Paragraph 1. Travelers denies all allegations not specifically admitted herein.

2. In response to Paragraph 2, denied.

3. In response to Paragraph 3, denied.

4. In response to Paragraph 4, Travelers lacks sufficient information to admit or deny the allegations in the first sentence, and therefore denies the same. Travelers denies the allegations of the second sentence of Paragraph 4.

5. In response to Paragraph 5, Travelers admits that it paid $1,582.54 to Plaintiffs. Travelers denies all remaining allegations in Paragraph 5. Travelers denies all allegations not specifically admitted herein.

## II. PARTIES

6. In response to Paragraph 6, to the extent the allegations reference the Policy, the Policy is a written document which speaks for itself, and Travelers denies all allegations that misstate or mischaracterize the terms of the Policy. Travelers lacks sufficient information to admit or deny the remaining allegations and therefore denies the same.

7. In response to Paragraph 7, to the extent the allegations reference the Policy, the Policy is a written document which speaks for itself, and Travelers denies all allegations that misstate or mischaracterize the terms of the Policy. Travelers lacks sufficient information to admit or deny the remaining allegations and therefore denies the same.

8. Travelers admits that it is a corporate entity organized and existing under the laws of the State of Connecticut and is duly authorized to conduct insurance business in the Commonwealth of Virginia, which includes but is not limited to issuing homeowners insurance policies for residences located in the Commonwealth of Virginia, including residences in Frederick County, Virginia.

## III. JURISDICTION AND VENUE

9. In response to Paragraph 9, this paragraph states a legal conclusion to which no response is required.

10. In response to Paragraph 10, this paragraph states a legal conclusion to which no response is required.

11. In response to Paragraph 11, this paragraph states a legal conclusion to which no response is required.

## IV. FACTUAL ALLEGATIONS

### A. The Policy

12. In response to Paragraph 12, Travelers admits that it issued Policy No. 608487015 633 1 to Christopher Short and Sonia Short, for the period of February 14, 2025 to February 14, 2026 (the "Policy"), for the residential property address of 3418 Long Meadow Road, Middletown, Virginia 22645. The Policy is a written document which speaks for itself and Travelers denies all allegations of Paragraph 12 to the extent they misstate or mischaracterize the terms of the Policy. Travelers denies all allegations not specifically admitted herein.

13. In response to Paragraph 13, Travelers states that the Policy is a written document which speaks for itself and Travelers denies all allegations to the extent they misstate or mischaracterize the terms of the Policy.

14. In response to Paragraph 14, Travelers states that the Policy is a written document which speaks for itself and Travelers denies all allegations to the extent they misstate or mischaracterize the terms of the Policy.

15. In response to Paragraph 15, Travelers states that the Policy is a written document which speaks for itself and Travelers denies all allegations to the extent they misstate or mischaracterize the terms of the Policy.

16. In response to Paragraph 16, Travelers states that the Policy is a written document which speaks for itself and Travelers denies all allegations to the extent they misstate or mischaracterize the terms of the Policy. Travelers denies all allegations not specifically admitted herein.

**B. The March 16, 2025 Hailstorm**

17. In response to Paragraph 17, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

18. In response to Paragraph 18, denied.

19. In response to Paragraph 19, to the extent the "CoreLogic (Cotality) Weather Verification Services" report is a written document, the document speaks for itself, and Travelers denies all allegations which misstate or mischaracterize the contents of that written document. Travelers denies all allegations not specifically admitted herein.

20. In response to Paragraph 20, to the extent the "CoreLogic report" is a written document, the document speaks for itself, and Travelers denies all allegations which misstate or mischaracterize the contents of that written document. Travelers denies all allegations not specifically admitted herein.

**C. The Claim, the Inspection, and Travelers' On-Site Agreement to Replace the Roof**

21. In response to Paragraph 21, Travelers admits that the Plaintiffs reported a claim to Travelers, that the claim was assigned claim number JGC3393, and that a claims professional

named Bobby Simms was assigned to handle the claim. Travelers denies all allegations not specifically admitted herein.

22. In response to Paragraph 22, to the extent the referenced "letter of representation" is a written document, the document speaks for itself, and Travelers denies all allegations that misstate or mischaracterize that written document. Travelers further admits that it received a letter of representation from Telos Adjusting LLC. Travelers denies all allegations not specifically admitted herein.

23. In response to Paragraph 23, Travelers admits that on or about April 16, 2026, it conducted an inspection related to Plaintiffs' claim and that other individuals, including, upon information and belief, a public adjuster hired by the Plaintiffs, were present. Travelers denies all allegations not specifically admitted herein.

24. In response to Paragraph 24, denied.

25. In response to Paragraph 25, denied.

**D. Travelers' April 16, 2026 Partial Denial**

26. In response to Paragraph 26, Travelers states that the Letter and Estimate dated April 16, 2026 are written documents which speak for themselves, and Travelers denies any allegation which misstates or mischaracterizes those written documents. Travelers denies all allegations not specifically admitted herein.

27. In response to Paragraph 27, Travelers states that the Estimate dated April 16, 2026 is a written document which speaks for itself and Travelers denies any allegation which misstates or mischaracterizes that written document. Travelers denies all allegations not specifically admitted herein.

28. In response to Paragraph 28, Travelers states that the Estimate dated April 16, 2026 is a written document which speaks for itself and Travelers denies any allegation which misstates or mischaracterizes that written document. Travelers denies all allegations not specifically admitted herein.

29. In response to Paragraph 29, Travelers states that the Estimate dated April 16, 2026 is a written document which speaks for itself and Travelers denies any allegation which misstates or mischaracterizes that written document. Travelers denies all allegations not specifically admitted herein.

30. In response to Paragraph 30, Travelers states that the Letter dated April 16, 2026 is a written document which speaks for itself and Travelers denies any allegation which misstates or mischaracterizes that written document. Travelers denies all allegations not specifically admitted herein.

31. In response to Paragraph 31, to the extent the allegations reference the written Letter and/or Estimate, both dated April 16, 2026, Travelers states that the April 16, 2026 Letter and Estimate are written documents which speak for themselves and Travelers denies any allegation which misstates or mischaracterizes that written document. Travelers denies all allegations not specifically admitted herein.

32. In response to Paragraph 32, denied.

33. In response to Paragraph 33, denied.

**E. Travelers Changed the Date of Loss**

34. In response to Paragraph 34, Travelers states that the Letter dated April 16, 2026 is a written document which speaks for itself and Travelers denies any allegation which misstates or

mischaracterizes that written document. Travelers denies all allegations not specifically admitted herein.

35. In response to Paragraph 35, Travelers denies the allegations as stated.

36. In response to Paragraph 36, Travelers states that the April 16, 2026 Letter and Estimate are written documents which speak for themselves and Travelers denies any allegation which misstates or mischaracterizes those written documents. Travelers denies all allegations not specifically admitted herein.

37. In response to Paragraph 37, denied.

38. In response to Paragraph 38, denied.

39. In response to Paragraph 39, denied.

**F. Travelers Paid a Neighboring Insured for the Same Storm**

40. In response to Paragraph 40, Travelers admits that it insured another residential property on Long Meadow Road. Travelers denies the remaining allegations. Travelers denies all allegations not specifically admitted herein.

41. In response to Paragraph 41, denied.

42. In response to Paragraph 42, denied.

43. In response to Paragraph 43, denied.

**G. The Engineering Evidence**

44. In response to Paragraph 44, Travelers denies the allegation that it “refused the claim.” Travelers lacks sufficient information to admit or deny the remaining allegations and therefore denies the same.

45. In response to Paragraph 45, Travelers states that to the extent the allegations reference the contents of a report drafted by Integrity Engineering Group, LLC (“IEG”), that report

is a written document which speaks for itself and Travelers denies all allegations that misstate or mischaracterize that written document. Travelers denies all allegations not specifically admitted herein.

46. In response to Paragraph 46, Travelers states that to the extent the allegations reference the contents of a report drafted by IEG, that report is a written document which speaks for itself and Travelers denies all allegations that misstate or mischaracterize that written document. Travelers denies all allegations not specifically admitted herein.

47. In response to Paragraph 47, Travelers states that to the extent the allegations reference the contents of a report drafted by IEG, that report is a written document which speaks for itself and Travelers denies all allegations that misstate or mischaracterize that written document. Travelers denies all allegations not specifically admitted herein.

48. In response to Paragraph 48, Travelers states that to the extent the allegations reference the contents of a report drafted by IEG, that report is a written document which speaks for itself and Travelers denies all allegations that misstate or mischaracterize that written document. Travelers denies all allegations not specifically admitted herein.

49. In response to Paragraph 49, Travelers states that to the extent the allegations reference the contents of a report drafted by IEG, that report is a written document which speaks for itself and Travelers denies all allegations that misstate or mischaracterize that written document. Travelers denies all allegations not specifically admitted herein.

**H. The Cost to Repair**

50. In response to Paragraph 50, denied.

51. In response to Paragraph 51, the allegations appear to reference a written document, an estimate prepared by the Plaintiffs' public adjuster, which speaks for itself. Travelers denies

any allegation to the extent it misstates or mischaracterizes that written document. Travelers denies all allegations not specifically admitted herein.

52. In response to Paragraph 52, Travelers admits that it paid Plaintiffs $1,582.54. Travelers denies all allegations not specifically admitted herein.

53. In response to Paragraph 53, denied.

## COUNT I BREACH OF CONTRACT

54. In response to Paragraph 54, Travelers incorporates its responses to the allegations contained elsewhere in this pleading as if fully set forth herein.

55. In response to Paragraph 55, admitted.

56. In response to Paragraph 56, Travelers denies the allegations as stated.

57. In response to Paragraph 57, the Policy is a written document which speaks for itself and Travelers denies any allegation which misstates or mischaracterizes the terms of the Policy. Travelers denies all allegations not specifically admitted herein.

58. In response to Paragraph 58, the Policy is a written document which speaks for itself and Travelers denies any allegation which misstates or mischaracterizes the terms of the Policy. Travelers denies all allegations not specifically admitted herein.

59. In response to Paragraph 59, denied.

60. In response to Paragraph 60, the first sentence states a legal conclusion to which no response is required. The remaining allegations of Paragraph 60 are denied.

61. In response to Paragraph 61, denied.

## CLAIM FOR COSTS AND ATTORNEY'S FEES UNDER VA. CODE § 38.2-209

62. In response to Paragraph 62, Travelers incorporates its responses to the allegations contained elsewhere in this pleading as if fully set forth herein.

63. In response to Paragraph 63, the allegations state a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

64. In response to Paragraph 64, and subparts a through g, denied.

65. In response to Paragraph 65, denied.

66. In response to Paragraph 66, denied.

## PRAYER FOR RELIEF

67. Travelers denies that Plaintiffs are entitled to any of the relief sought in Paragraph 67 and all its subparts (a through e) for any reason or in any amount.

68. Travelers denies each and every allegation of the Complaint not specifically admitted herein.

## JURY DEMAND

69. The unnumbered jury demand does not require a response.

## AFFIRMATIVE DEFENSES

1. Travelers has no coverage obligation to Plaintiffs under the Policy with respect to any amounts sought to be recovered through this lawsuit to the extent that coverage for those amounts is barred by the terms, exclusions, conditions, and limitations contained therein.

2. Travelers has no coverage obligation under the Policy for any perils that are not insured against pursuant to the terms of the Policy, which provides as follows:

**PERILS INSURED AGAINST**
**PROPERTY COVERAGE A – DWELLING**
**PROPERTY COVERAGE B – OTHER STRUCTURES**

**1.** We insure against direct physical loss to property described in Property Coverages A and B.

**2.** We do not insure for loss:

***

c. Caused by:

***

**(5)** Any of the following:

**(a)** Wear and tear, marring, scratching or deterioration;

Policy, HQ-P03 VA (04-23) at P-1 – P -2.

3. Any recovery by Plaintiffs in this action is subject to the condition of the Policy which provides that Travelers "will pay no more than the actual cash value of the damage until actual repair or replacement is complete." Policy, HQ-P03 VA (04-23) at P-13.

4. To the extent that Travelers owes coverage for amounts sought through this lawsuit, such amounts for which coverage is owed are subject to the Policy's deductible.

5. To the extent that Travelers owes any coverage for amounts sought through this lawsuit, Travelers' obligation is limited to the Limits of Liability stated in the Declarations of the Policy.

6. At all times relevant to this lawsuit, Travelers acted in good faith in handling the claim and analyzing the availability of coverage under the Policy for the damages at issue in this lawsuit.

7. Travelers may have additional defenses that cannot be articulated now due to the generality of Plaintiffs' Complaint and the fact that discovery is not complete. Accordingly, Travelers reserves its rights to supplement the foregoing and to raise additional defenses that may become evident during the course of this action or as discovery progresses.

WHEREFORE, Defendant Travelers Personal Insurance Company, by counsel, seeks judgment (1) dismissing the Complaint with prejudice; (2) denying all relief sought in the

Complaint with prejudice; and (3) imposing such other and further relief in favor of Travelers Personal Insurance Company as may be appropriate.

**Respectfully submitted,**

**TRAVELERS PERSONAL INSURANCE COMPANY**

**By:** /s/ John B. Mumford, Jr.
**Counsel**

John B. Mumford, Jr. (VSB No. 38764)
Maureen E. Mshar (VSB No. 85680)
HANCOCK, DANIEL, & JOHNSON, LLC
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
jmumford@hancockdaniel.com
mmshar@hancockdaniel.com
Telephone: (804) 967-9604
Facsimile: (804) 967-9888
*Counsel for Travelers Personal Insurance Company*

## CERTIFICATE OF SERVICE

I certify that on the 25th day of September, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brendan J. Klaproth, Esq. (VSB No. 97494)
KLAPROTH LAW PLLC
2300 Wisconsin Avenue NW
Suite 100A
Washington, DC 200007
Telephone: (202) 618-2344
Facsimile: (202) 618-4636
Bklaproth@klaprothlaw.com
*Attorney for Plaintiffs*

/s/ John B. Mumford, Jr.
John B. Mumford, Jr. (VSB No. 38764)
Maureen E. Mshar (VSB No. 85680)
HANCOCK, DANIEL, & JOHNSON, LLC
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
jmumford@hancockdaniel.com
mmshar@hancockdaniel.com
Telephone: (804) 967-9604
Facsimile: (804) 967-9888
*Counsel for Travelers Personal Insurance Company*