FREDERICK CIRCUIT Case No.:CL26000600-00

SHORT, SONIA vs. TRAVELERS PERSONAL INSURANCE

TABLE OF CONTENTS


| Document Index | Date Filed | Page |
|---|---|---|
| **Manuscripts:** | | |
| COMPLAINT | 08/11/2026 | 1 - 13 |
| TRAVELERS PERSONAL INSURANCE - RICH | 08/12/2026 | 14 - 30 |
| NOTICE - FILING & REMOVAL | 09/22/2026 | 31 - 33 |
| NOTICE - OF REMOVAL | 09/22/2026 | 34 - 53 |


I, Sarah J. Kahle, Clerk of the Frederick Circuit, certify that the contents of the record listed in the table of contents constitute the true and complete record, except for exhibits whose omission are noted in the table of contents.

CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
09/25/2026
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

Uploaded: 2026AUG11 18:04 Filed By: Bar#97494 BKLAPROTH Reference: EF-212336
eFiled: 2026AUG11 FREDERICK CC SKAHLE at 2026AUG12 09:08 CL26000600-00

**VIRGINIA:**

**IN THE CIRCUIT COURT OF FREDERICK COUNTY**

**SONIA SHORT** and **CHRISTOPHER SHORT**
c/o Klaproth Law PLLC
2300 Wisconsin Ave NW
Suite 100A
Washington, DC 20007

Plaintiffs,

v.

Case No. ________________

**TRAVELERS PERSONAL INSURANCE COMPANY**
One Tower Square
Hartford, Connecticut 06183

SERVE: Corporate Service Company
100 Shockoe Slip, Floor 2
Richmond, VA 23219

Defendant

**COMPLAINT**

Plaintiffs Sonia Short and Christopher Short, by counsel, state the following for their Complaint against Defendant Travelers Personal Insurance Company:

## I. NATURE OF THE ACTION

1. This is an action for breach of a homeowners insurance contract. On March 16, 2025, a severe hailstorm struck the Shorts' home in Middletown, Virginia. Travelers insured that home. Travelers' own field adjuster inspected the roof, agreed on site that the roof required full replacement, and then — after the file went to a manager — Travelers paid the Shorts $1,582.54 for a handful of window screens, twelve feet of gutter, and some fascia metal, and refused to pay anything at all for the roof.

2. Travelers' stated reason for refusing to pay for the roof was that the shingles exhibited "wear and tear due to granular loss." That explanation cannot be squared with Travelers' own

conduct. In the very same estimate, Travelers paid for hail damage to the metal fascia, the gutters, and seven window screens on the same elevations of the same house. Travelers thus conceded that hail struck the property with force sufficient to damage building components (including metal), but then declined to look at the roof it had already agreed to replace.

3. Two facts confirm that Travelers' refusal was not made in good faith. First, in the same letter denying the claim, Travelers unilaterally changed the date of loss from March 16, 2025 to September 6, 2023 and used that fabricated date to exclude the interior damage from the claim. Second, on information and belief, Travelers accepted and paid a hail claim submitted by a neighboring insured, whose home sits approximately 362 feet from the Shorts' home, arising out of the same March 16, 2025 storm.

4. A licensed professional engineer retained by the Shorts has since inspected the roof and documented hail-damage impacts in every test area on every slope of the roof, together with hail damage to the cap and valley shingles, roof-level metals, fascia, trim, gutters, downspouts, and window screens. The March 16, 2025 hail caused the direct physical damage observed at the home, including the roof shingles.

5. The reasonable cost to repair the covered damage is not less than $56,652.23. Travelers has paid $1,582.54. Plaintiffs bring this action to recover the balance due under the policy, together with prejudgment interest, and costs and reasonable attorney's fees under Va. Code § 38.2-209(A).

## II. PARTIES

6. Plaintiff Sonia Short is a natural person and a citizen and resident of Frederick County, Virginia. She is a named insured under the policy of insurance at issue and an owner of the insured property.

7. Plaintiff Christopher Short is a natural person and a citizen and resident of Frederick County, Virginia. He is a named insured under the policy of insurance at issue and an owner of the insured property.

8. Defendant Travelers Personal Insurance Company is a foreign insurance company organized under the laws of the State of Connecticut, with its principal place of business at One Tower Square, Hartford, Connecticut. Travelers is licensed by the Virginia State Corporation Commission to write property and casualty insurance in the Commonwealth of Virginia, transacts substantial business in Frederick County and throughout Virginia, and issued the policy at issue in this action to Virginia residents insuring Virginia real property.

## III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under Va. Code § 17.1-513 because this is a civil action at law in which the amount in controversy exceeds the jurisdictional minimum of this Court.

10. This Court has personal jurisdiction over Travelers under Va. Code §§ 8.01-328.1(A)(1) and (A)(4) and 38.2-800 et seq. because Travelers transacts business in the Commonwealth, contracted to insure real property located in the Commonwealth, and is licensed and regulated by the Virginia State Corporation Commission.

11. Venue is proper in this Court under Va. Code § 8.01-262(3) and (4) because Travelers regularly conducts substantial business activity in Frederick County, the insured property is located in Frederick County, the loss occurred in Frederick County, and the cause of action arose in Frederick County.

## IV. FACTUAL ALLEGATIONS

### A. The Policy

12. At all times relevant to this Complaint, the Shorts owned and resided at the single-family dwelling located at 3418 Long Meadow Road, Middletown, Virginia 22645 (the "Property"). The dwelling was constructed in 2005 and is a one-and-one-half story frame home with vinyl siding and an architectural laminated asphalt-fiberglass shingle roof of approximately 4,070 square feet across twenty-one facets.

13. Travelers issued to Christopher Short and Sonia Short homeowners insurance policy number 608487015 633 1 (the "Policy"), which was in full force and effect on March 16, 2025.

14. The Policy insures against direct physical loss to the dwelling except as expressly excluded. Hail is a covered peril under the Policy. Travelers' own policyholder materials describe the coverage as protecting against "[h]ail, lightning, and other weather events [that] can damage your roof, windows, siding, and more."

15. Under the Policy, Coverage A – Dwelling was written with a limit of $492,000 and a $1,000 all-perils deductible, and the Policy includes replacement-cost loss settlement for the dwelling.

16. The Shorts paid all premiums due under the Policy and performed all conditions precedent required of them, or such conditions have been waived or excused.

**B. The March 16, 2025 Hailstorm**

17. On the evening of Sunday, March 16, 2025, a severe thunderstorm moved through Frederick County, Virginia. At 7:51 p.m. EDT, the National Weather Service office in Sterling, Virginia issued a Severe Thunderstorm Warning covering, among other areas, southeastern Frederick County, warning of sixty-mile-per-hour wind gusts and hail.

18. Radar-derived hail-verification data place hail impact at the Property at approximately 8:06 p.m. EDT on March 16, 2025, with the storm moving east-northeast at approximately 45 miles per hour.

19. A Hail Verification Report generated by CoreLogic (Cotality) Weather Verification Services for the Property reports that on March 16, 2025, hail with an estimated maximum size of 0.9 inch fell at the Property, hail of 1.0 inch fell within one mile, and hail of 1.2 inches fell within three miles.

20. Of the hail events reflected in the CoreLogic report for the preceding ten years, only the March 16, 2025 storm and a single May 2017 event produced hail of 0.9 inch or greater at the Property.

## C. The Claim, the Inspection, and Travelers' On-Site Agreement to Replace the Roof

21. Following the storm, the Shorts observed damage to the Property and reported a claim to Travelers. Travelers assigned claim number JGC3393 (also identified in its records as JGC3393001H) and assigned claim professional Bobby Simms to handle the claim.

22. The Shorts retained Telos Adjusting LLC, a public adjusting firm licensed in Virginia, to assist in the presentation of the claim, and Telos submitted a letter of representation to Travelers.

23. On April 16, 2026, Travelers inspected the Property. Travelers' claim professional, Bobby Simms, attended the inspection along with a third-party ladder-assist vendor. A representative of Telos Adjusting LLC attended on behalf of the Shorts.

24. During that inspection, Travelers' adjuster and the Shorts' representative jointly identified hail damage to the roof and to collateral components, including significant hail impacts to the fascia metal on the elevation facing the predominant storm direction. Roof metals on the front, rear, and right slopes were marked as damaged.

25. At the conclusion of the inspection, Travelers' adjuster stated that he would write an estimate for a full roof replacement, but that the estimate would have to be approved by his manager.

**D. Travelers' April 16, 2026 Partial Denial**

26. Notwithstanding the field adjuster's on-site assessment, Travelers issued a letter and estimate dated April 16, 2026 in which it refused to pay for any roof repair or replacement.

27. Travelers' estimate calculated a total replacement cost value of $3,092.83, less recoverable depreciation of $510.29, for an actual cash value of $2,582.54, less the $1,000 deductible, for a net payment of $1,582.54.

28. The only building damage Travelers agreed to pay for was the replacement of six window screens, twelve linear feet of aluminum gutter or downspout, 107.5 linear feet of eight-inch metal fascia, one truckload of debris removal, and four trade labor minimums — for window, gutter, roofing, and fireplace work — that together accounted for $1,092.99 of the estimate.

29. Travelers' estimate included a "roofing labor minimum" of $503.58 and a "fireplace repair labor minimum" of $151.07, confirming that Travelers itself recognized that hail had damaged roof-level components requiring roofing trade work, even as it refused to pay for the roof covering.

30. Travelers' stated basis for refusing to pay for the roof was set out in a single sentence: "Our research found that your shingles had wear and tear due to granular loss. Wear and tear is not covered under your policy." Travelers then stated: "Because wear and tear is an exception under your policy, your policy does not provide coverage for this portion of the loss."

31. Travelers did not state that the roof was undamaged by hail. Travelers did not state that no hail fell at the Property. Travelers did not identify any test area, any measurement, any

weather data, any photograph, or any expert opinion supporting the conclusion that the condition of the roof was attributable to wear and tear rather than to the March 16, 2025 hailstorm.

32. Travelers did not retain an engineer, a roofing consultant, or any other expert to evaluate the roof before denying the claim.

33. Travelers' own estimate is internally inconsistent with its stated basis for denial. Granular loss on shingles does not damage metal fascia, aluminum gutters, or fabric window screens. By paying for hail damage to those components, Travelers necessarily found that hail of damaging force struck the Property. Having so found, Travelers had no reasonable basis to attribute the condition of the shingles on the same slopes of the same roof to "wear and tear."

**E. Travelers Changed the Date of Loss**

34. In the same letter in which it refused to pay for the roof, Travelers wrote: "I did not include the interior damage as the date of loss is being changed to 9/6/2023."

35. The Shorts never asserted a claim for a September 6, 2023 loss. They never reported a September 6, 2023 loss. They never agreed to any change in the date of loss. Travelers made the change unilaterally, without notice, without explanation, and without any stated evidentiary basis.

36. Travelers' own claim materials are internally contradictory on this point. The cover letter of the April 16, 2026 correspondence identifies the "Date of loss" as "March 16, 2025." The estimate transmitted with that same letter, in the same envelope, identifies the "Date of Loss" as "9/6/2023 12:00 AM."

37. The substituted date is not supported by, and is affirmatively contradicted by, the weather data available to Travelers. Radar-derived hail verification for the Property reports hail of less than 0.75 inch at the Property on September 6, 2023 — below the size at which hail is generally

capable of damaging asphalt shingles — as compared with 0.9 inch at the Property on March 16, 2025.

38. The purpose and effect of substituting the September 6, 2023 date were to reduce and defeat the claim. Travelers used the substituted date expressly to exclude the interior damage from the claim.

39. A reasonable insurer investigating this claim in good faith would not have moved the date of loss backward by eighteen months to a date its own data showed produced no damaging hail, would not have done so without notice to its insureds, and would not have issued a single mailing bearing two different dates of loss.

### F. Travelers Paid a Neighboring Insured for the Same Storm

40. On information and belief, Travelers also insured a residential property located approximately 362 feet from the Property, on the same street and within the same hail-affected area.

41. On information and belief, the owner of that neighboring property submitted a claim to Travelers for hail damage caused by the same March 16, 2025 storm.

42. On information and belief, Travelers investigated that neighbor's claim, determined that the March 16, 2025 storm caused covered hail damage to the neighboring property, and paid that claim.

43. Hail from a single storm cell does not discriminate between adjacent homes separated by the length of a football field. Travelers' acceptance of a neighboring insured's claim for the same storm, while refusing the Shorts' claim on the ground that no covered loss occurred, is evidence that Travelers' refusal was not the product of a reasonable, uniform, and good-faith application of the same policy language to the same facts.

### G. The Engineering Evidence

44. After Travelers refused the claim, Plaintiffs retained, through their public adjuster, Integrity Engineering Group, LLC ("IEG") to evaluate the Property. The assignment was performed by Patrick J. Wellein, M.C.E., P.E., a licensed professional civil engineer.

45. IEG inspected the Property on May 8, 2026 and issued a written report dated May 10, 2026.

46. IEG evaluated four test areas, one on each directional slope of the roof, examining each shingle in the test areas tactilely and visually in accordance with recognized industry protocols. IEG documented thirty-two hail-damage impacts in the northeast (main-front) test area, eighteen in the southwest (main-rear) test area, eighteen in the southeast (gable-left) test area, and eleven in the northwest (gable-right) test area, with the southwest, southeast, and northwest test areas reduced in size to fifty, fifty, and twenty-five square feet respectively.

47. IEG further found that hail damage was prevalent on the cap and valley shingles; that hail indentations were present on a metal chimney flue cap and two metal vent boxes; that hail indentations were present on all northwest-facing fascia metal, on garage door trim metals, on all gutters, and on a downspout; and that hail damage was present on seven northwest elevation window screens.

48. Based on the foregoing findings and the weather data, the hail from the March 16, 2025 storm caused the direct physical damage observed at the Property, including the damage to the roof shingles.

49. The damage IEG documented across every slope of the roof is hail damage caused by the March 16, 2025 storm, not the result of wear and tear.

### H. The Cost to Repair

50. The hail damage to the Property cannot be repaired by spot repair. The roof covering is a twenty-one-year-old architectural asphalt shingle system with widespread damage across every slope, and no matching shingle is reasonably available. The roof requires full replacement.

51. Plaintiffs' public adjuster prepared a detailed line-item estimate of the reasonable cost to restore the Property to its pre-loss condition, prepared using industry-standard pricing for the Winchester, Virginia market and incorporating applicable Virginia Residential Code requirements. That estimate totals $56,652.23 in replacement cost value.

52. Travelers has paid $1,582.54. It has paid nothing further.

53. As a direct and proximate result of Travelers' refusal to pay, the Shorts have been unable to replace their roof, and the Property remains exposed to continuing water intrusion and further deterioration.

## COUNT I BREACH OF CONTRACT

54. Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if fully set forth herein.

55. The Policy is a valid and enforceable contract between the Shorts and Travelers.

56. The Shorts performed all of their obligations under the Policy, including the payment of premiums and the reporting and documentation of the loss, or such performance was waived or excused by Travelers.

57. On March 16, 2025, while the Policy was in force, the Property sustained direct physical loss caused by hail, a peril insured against under the Policy and not excluded.

58. The Policy obligates Travelers to pay for that loss, subject only to the applicable deductible and the Policy's loss settlement provisions.



10

59. Travelers breached the Policy by refusing to pay for the hail damage to the roof and the related components of the dwelling; by applying a wear-and-tear exclusion to loss that was caused by hail; by unilaterally substituting a date of loss unsupported by the evidence and using that substituted date to exclude portions of the claim; by failing to conduct a reasonable investigation before denying the claim; and by paying only $1,582.54 against a loss exceeding $56,000.

60. The Policy, like every contract governed by Virginia law, carries an implied covenant of good faith and fair dealing. Travelers breached that covenant by the conduct described above, including by exercising its discretion in the adjustment of the claim arbitrarily, unreasonably, and in a manner that deprived the Shorts of the benefit of their bargain. Travelers further breached the implied covenant of good faith and fair dealing by, including without limitation: (1) stating at the time of the on-site inspection that the roof would be a full replacement, and then denying the claim; (2) changing the date of loss to September 6, 2023 although the date of loss was March 16, 2025; (3) arbitrarily denying the Shorts' claim for hail while providing coverage for a neighboring property, as more fully set forth in paragraph 64.

61. As a direct and proximate result of Travelers' breaches, the Shorts have suffered damages in an amount not less than $55,069.69, representing the reasonable cost to repair the covered loss less the amount Travelers has paid, together with such additional incidental and consequential damages as the evidence may prove and prejudgment interest.

**CLAIM FOR COSTS AND ATTORNEY'S FEES UNDER VA. CODE § 38.2-209**

62. Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if fully set forth herein.

63. Sonia Short and Christopher Short are each an "individual" insured within the meaning of Va. Code § 38.2-209(A), and this is a civil case in which insured individuals sue their insurer to determine what coverage exists under their policy.

64. Travelers did not act in good faith in denying coverage for and refusing to make payment on the Shorts' claim. Among other things:

> (a) Travelers denied the claim on the same day it inspected the Property, without engaging any engineer, roofing consultant, or other qualified expert, and without conducting any test-area analysis of the roof;
>
> (b) Travelers' own field adjuster concluded on site that the roof required full replacement, and Travelers reversed that assessment without any stated evidentiary basis;
>
> (c) Travelers paid for hail damage to metal fascia, gutters, and window screens on the Property, thereby finding that damaging hail struck the Property, while simultaneously attributing the condition of the shingles on the same slopes to "wear and tear";
>
> (d) Travelers offered no explanation, data, or analysis in support of its wear-and-tear determination beyond a single conclusory sentence, in violation of the standards governing claim handling in the Commonwealth;
>
> (e) Travelers unilaterally changed the date of loss to September 6, 2023 — a date on which its own weather data showed that no damaging hail fell at the Property — without notice to its insureds, and used that substituted date to exclude portions of the claim;
>
> (f) Travelers issued a single mailing bearing two different dates of loss, reflecting either a lack of any reasonable investigation or a deliberate effort to obscure the basis of its decision;
>
> (g) On information and belief, Travelers accepted and paid a neighboring insured's claim arising from the same March 16, 2025 storm while refusing the Shorts' claim.

65. Travelers' interpretation of the Policy was not reasonable; its investigation was not reasonable; the evidence before it did not support denial; and the coverage question it manufactured was neither an issue of first impression nor fairly debatable.

66. Accordingly, the Shorts are entitled to recover from Travelers their costs and reasonable attorney's fees under Va. Code § 38.2-209(A).

**PRAYER FOR RELIEF**

67. WHEREFORE, Plaintiffs Sonia Short and Christopher Short respectfully request that this Court:

(a) Enter judgment in their favor and against Defendant Travelers Personal Insurance Company on Count I in the amount of $70,000.00, exclusive of interest and costs, or such lesser amount as the evidence at trial may prove;

(b) Award prejudgment interest from March 16, 2025, or such other date as the Court deems appropriate, pursuant to Va. Code § 8.01-382;

(c) Award Plaintiffs their costs and reasonable attorney's fees pursuant to Va. Code § 38.2-209(A);

(d) Award post-judgment interest at the legal rate; and

(e) Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Date: August 11, 2026

Respectfully submitted,

**KLAPROTH LAW PLLC**

*/s/ Brendan J. Klaproth*
______________________________

Brendan J. Klaproth (Va Bar 97494)
2300 Wisconsin Ave NW
Suite 100A
Washington, DC 20007
Telephone: 202-618-2344
Email: Bklaproth@klaprothlaw.com
*Attorney for Plaintiffs*



13

# PROOF OF SERVICE

COMMONWEALTH OF VIRGINIA
Rule 3:6

Case No. CL26000600-00
Service No. 1 (Clerk's use only)
Service By: RICHMOND CITY

FREDERICK Circuit Court

5 N. KENT STREET, WINCHESTER 22601-
ADDRESS OF COURT

SHORT, SONIA v. TRAVELERS PERSONAL INSURANCE

Service on: TRAVELERS PERSONAL INSURANCE, CORPORATE SERVICE COMPANY
100 SHOCKOE SLIP, FLOOR 2, RICHMOND, VA 23219-

Return shall be made hereon, showing service of the following:

[X] Summons issued on: AUGUST 12, 2026
DATE

[ ] Order dated

[ ]

with a copy of the following documents filed on AUGUST 11, 2026 attached:
DATE

COMPLAINT

## RETURN OF SERVICE

[ ] Personal Service [ ] Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above:

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

[ ] Served on Secretary of the Commonwealth.

[ ] Served on the Clerk of the State Corporation Commission pursuant to Virginia Code § 8.01-513.

[ ] Served on registered agent of the corporation. List name and title:

[ ] Served on the Commissioner of the Department of Motor Vehicles.

FOR GARNISHMENT OF FEDERAL WAGES ONLY:

[ ] Pursuant to 5 U.S.C. § 5520a, service by certified or registered mail, return receipt requested.

[ ] not found ........, Sheriff

Date: ........ by ........, Deputy Sheriff

CITY OR COUNTY

FORM CC-1405 VJEFS 6/14

# COMMONWEALTH OF VIRGINIA

## SUMMONS – CIVIL ACTION

RULE 3:5; VA. CODE § 8.01-2

Case No. CL26000600-00

FREDERICK Circuit Court

5 N. KENT STREET, WINCHESTER 22601-
ADDRESS

TO:

TRAVELERS PERSONAL INSURANCE, CORPORATE SERVICE COMPANY
100 SHOCKOE SLIP
FLOOR 2
RICHMOND, VA 23219-

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

AUGUST 12, 2026 /S/ KAHLE, SARAH J Clerk
DATE

by ______________________________
DEPUTY CLERK

Instructions:

Hearing Official: ..............................



FORM CC-1400 MASTER 10/13

Uploaded: 2026AUG11 18:54 Filed By Bar#97494 BKLAPROTH Reference: EF-272336
eFiled: 2026AUG11 FREDERICK CC SKAHLE at 2026AUG12 09:08 CL26000609-00

**VIRGINIA:**

**IN THE CIRCUIT COURT OF FREDERICK COUNTY**

**SONIA SHORT** and **CHRISTOPHER SHORT**
c/o Klaproth Law PLLC
2300 Wisconsin Ave NW
Suite 100A
Washington, DC 20007

Plaintiffs,

v.

Case No. _______________

**TRAVELERS PERSONAL INSURANCE COMPANY**
One Tower Square
Hartford, Connecticut 06183

SERVE: Corporate Service Company
100 Shockoe Slip, Floor 2
Richmond, VA 23219

Defendant

**COMPLAINT**

Plaintiffs Sonia Short and Christopher Short, by counsel, state the following for their Complaint against Defendant Travelers Personal Insurance Company:

**I. NATURE OF THE ACTION**

1. This is an action for breach of a homeowners insurance contract. On March 16, 2025, a severe hailstorm struck the Shorts' home in Middletown, Virginia. Travelers insured that home. Travelers' own field adjuster inspected the roof, agreed on site that the roof required full replacement, and then — after the file went to a manager — Travelers paid the Shorts $1,582.54 for a handful of window screens, twelve feet of gutter, and some fascia metal, and refused to pay anything at all for the roof.

2. Travelers' stated reason for refusing to pay for the roof was that the shingles exhibited "wear and tear due to granular loss." That explanation cannot be squared with Travelers' own

conduct. In the very same estimate, Travelers paid for hail damage to the metal fascia, the gutters, and seven window screens on the same elevations of the same house. Travelers thus conceded that hail struck the property with force sufficient to damage building components (including metal), but then declined to look at the roof it had already agreed to replace.

3. Two facts confirm that Travelers' refusal was not made in good faith. First, in the same letter denying the claim, Travelers unilaterally changed the date of loss from March 16, 2025 to September 6, 2023 and used that fabricated date to exclude the interior damage from the claim. Second, on information and belief, Travelers accepted and paid a hail claim submitted by a neighboring insured, whose home sits approximately 362 feet from the Shorts' home, arising out of the same March 16, 2025 storm.

4. A licensed professional engineer retained by the Shorts has since inspected the roof and documented hail-damage impacts in every test area on every slope of the roof, together with hail damage to the cap and valley shingles, roof-level metals, fascia, trim, gutters, downspouts, and window screens. The March 16, 2025 hail caused the direct physical damage observed at the home, including the roof shingles.

5. The reasonable cost to repair the covered damage is not less than $56,652.23. Travelers has paid $1,582.54. Plaintiffs bring this action to recover the balance due under the policy, together with prejudgment interest, and costs and reasonable attorney's fees under Va. Code § 38.2-209(A).

## II. PARTIES

6. Plaintiff Sonia Short is a natural person and a citizen and resident of Frederick County, Virginia. She is a named insured under the policy of insurance at issue and an owner of the insured property.

7. Plaintiff Christopher Short is a natural person and a citizen and resident of Frederick County, Virginia. He is a named insured under the policy of insurance at issue and an owner of the insured property.

8. Defendant Travelers Personal Insurance Company is a foreign insurance company organized under the laws of the State of Connecticut, with its principal place of business at One Tower Square, Hartford, Connecticut. Travelers is licensed by the Virginia State Corporation Commission to write property and casualty insurance in the Commonwealth of Virginia, transacts substantial business in Frederick County and throughout Virginia, and issued the policy at issue in this action to Virginia residents insuring Virginia real property.

## III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under Va. Code § 17.1-513 because this is a civil action at law in which the amount in controversy exceeds the jurisdictional minimum of this Court.

10. This Court has personal jurisdiction over Travelers under Va. Code §§ 8.01-328.1(A)(1) and (A)(4) and 38.2-800 et seq. because Travelers transacts business in the Commonwealth, contracted to insure real property located in the Commonwealth, and is licensed and regulated by the Virginia State Corporation Commission.

11. Venue is proper in this Court under Va. Code § 8.01-262(3) and (4) because Travelers regularly conducts substantial business activity in Frederick County, the insured property is located in Frederick County, the loss occurred in Frederick County, and the cause of action arose in Frederick County.

## IV. FACTUAL ALLEGATIONS

### A. The Policy

12. At all times relevant to this Complaint, the Shorts owned and resided at the single-family dwelling located at 3418 Long Meadow Road, Middletown, Virginia 22645 (the "Property"). The dwelling was constructed in 2005 and is a one-and-one-half story frame home with vinyl siding and an architectural laminated asphalt-fiberglass shingle roof of approximately 4,070 square feet across twenty-one facets.

13. Travelers issued to Christopher Short and Sonia Short homeowners insurance policy number 608487015 633 1 (the "Policy"), which was in full force and effect on March 16, 2025.

14. The Policy insures against direct physical loss to the dwelling except as expressly excluded. Hail is a covered peril under the Policy. Travelers' own policyholder materials describe the coverage as protecting against "[h]ail, lightning, and other weather events [that] can damage your roof, windows, siding, and more."

15. Under the Policy, Coverage A – Dwelling was written with a limit of $492,000 and a $1,000 all-perils deductible, and the Policy includes replacement-cost loss settlement for the dwelling.

16. The Shorts paid all premiums due under the Policy and performed all conditions precedent required of them, or such conditions have been waived or excused.

**B. The March 16, 2025 Hailstorm**

17. On the evening of Sunday, March 16, 2025, a severe thunderstorm moved through Frederick County, Virginia. At 7:51 p.m. EDT, the National Weather Service office in Sterling, Virginia issued a Severe Thunderstorm Warning covering, among other areas, southeastern Frederick County, warning of sixty-mile-per-hour wind gusts and hail.

18. Radar-derived hail-verification data place hail impact at the Property at approximately 8:06 p.m. EDT on March 16, 2025, with the storm moving east-northeast at approximately 45 miles per hour.

19. A Hail Verification Report generated by CoreLogic (Cotality) Weather Verification Services for the Property reports that on March 16, 2025, hail with an estimated maximum size of 0.9 inch fell at the Property, hail of 1.0 inch fell within one mile, and hail of 1.2 inches fell within three miles.

20. Of the hail events reflected in the CoreLogic report for the preceding ten years, only the March 16, 2025 storm and a single May 2017 event produced hail of 0.9 inch or greater at the Property.

**C. The Claim, the Inspection, and Travelers' On-Site Agreement to Replace the Roof**

21. Following the storm, the Shorts observed damage to the Property and reported a claim to Travelers. Travelers assigned claim number JGC3393 (also identified in its records as JGC3393001H) and assigned claim professional Bobby Simms to handle the claim.

22. The Shorts retained Telos Adjusting LLC, a public adjusting firm licensed in Virginia, to assist in the presentation of the claim, and Telos submitted a letter of representation to Travelers.

23. On April 16, 2026, Travelers inspected the Property. Travelers' claim professional, Bobby Simms, attended the inspection along with a third-party ladder-assist vendor. A representative of Telos Adjusting LLC attended on behalf of the Shorts.

24. During that inspection, Travelers' adjuster and the Shorts' representative jointly identified hail damage to the roof and to collateral components, including significant hail impacts to the fascia metal on the elevation facing the predominant storm direction. Roof metals on the front, rear, and right slopes were marked as damaged.

25. At the conclusion of the inspection, Travelers' adjuster stated that he would write an estimate for a full roof replacement, but that the estimate would have to be approved by his manager.

**D. Travelers' April 16, 2026 Partial Denial**

26. Notwithstanding the field adjuster's on-site assessment, Travelers issued a letter and estimate dated April 16, 2026 in which it refused to pay for any roof repair or replacement.

27. Travelers' estimate calculated a total replacement cost value of $3,092.83, less recoverable depreciation of $510.29, for an actual cash value of $2,582.54, less the $1,000 deductible, for a net payment of $1,582.54.

28. The only building damage Travelers agreed to pay for was the replacement of six window screens, twelve linear feet of aluminum gutter or downspout, 107.5 linear feet of eight-inch metal fascia, one truckload of debris removal, and four trade labor minimums — for window, gutter, roofing, and fireplace work — that together accounted for $1,092.99 of the estimate.

29. Travelers' estimate included a "roofing labor minimum" of $503.58 and a "fireplace repair labor minimum" of $151.07, confirming that Travelers itself recognized that hail had damaged roof-level components requiring roofing trade work, even as it refused to pay for the roof covering.

30. Travelers' stated basis for refusing to pay for the roof was set out in a single sentence: "Our research found that your shingles had wear and tear due to granular loss. Wear and tear is not covered under your policy." Travelers then stated: "Because wear and tear is an exception under your policy, your policy does not provide coverage for this portion of the loss."

31. Travelers did not state that the roof was undamaged by hail. Travelers did not state that no hail fell at the Property. Travelers did not identify any test area, any measurement, any

weather data, any photograph, or any expert opinion supporting the conclusion that the condition of the roof was attributable to wear and tear rather than to the March 16, 2025 hailstorm.

32. Travelers did not retain an engineer, a roofing consultant, or any other expert to evaluate the roof before denying the claim.

33. Travelers' own estimate is internally inconsistent with its stated basis for denial. Granular loss on shingles does not damage metal fascia, aluminum gutters, or fabric window screens. By paying for hail damage to those components, Travelers necessarily found that hail of damaging force struck the Property. Having so found, Travelers had no reasonable basis to attribute the condition of the shingles on the same slopes of the same roof to "wear and tear."

**E. Travelers Changed the Date of Loss**

34. In the same letter in which it refused to pay for the roof, Travelers wrote: "I did not include the interior damage as the date of loss is being changed to 9/6/2023."

35. The Shorts never asserted a claim for a September 6, 2023 loss. They never reported a September 6, 2023 loss. They never agreed to any change in the date of loss. Travelers made the change unilaterally, without notice, without explanation, and without any stated evidentiary basis.

36. Travelers' own claim materials are internally contradictory on this point. The cover letter of the April 16, 2026 correspondence identifies the "Date of loss" as "March 16, 2025." The estimate transmitted with that same letter, in the same envelope, identifies the "Date of Loss" as "9/6/2023 12:00 AM."

37. The substituted date is not supported by, and is affirmatively contradicted by, the weather data available to Travelers. Radar-derived hail verification for the Property reports hail of less than 0.75 inch at the Property on September 6, 2023 — below the size at which hail is generally

capable of damaging asphalt shingles — as compared with 0.9 inch at the Property on March 16, 2025.

38. The purpose and effect of substituting the September 6, 2023 date were to reduce and defeat the claim. Travelers used the substituted date expressly to exclude the interior damage from the claim.

39. A reasonable insurer investigating this claim in good faith would not have moved the date of loss backward by eighteen months to a date its own data showed produced no damaging hail, would not have done so without notice to its insureds, and would not have issued a single mailing bearing two different dates of loss.

**F. Travelers Paid a Neighboring Insured for the Same Storm**

40. On information and belief, Travelers also insured a residential property located approximately 362 feet from the Property, on the same street and within the same hail-affected area.

41. On information and belief, the owner of that neighboring property submitted a claim to Travelers for hail damage caused by the same March 16, 2025 storm.

42. On information and belief, Travelers investigated that neighbor's claim, determined that the March 16, 2025 storm caused covered hail damage to the neighboring property, and paid that claim.

43. Hail from a single storm cell does not discriminate between adjacent homes separated by the length of a football field. Travelers' acceptance of a neighboring insured's claim for the same storm, while refusing the Shorts' claim on the ground that no covered loss occurred, is evidence that Travelers' refusal was not the product of a reasonable, uniform, and good-faith application of the same policy language to the same facts.

### G. The Engineering Evidence

44. After Travelers refused the claim, Plaintiffs retained, through their public adjuster, Integrity Engineering Group, LLC ("IEG") to evaluate the Property. The assignment was performed by Patrick J. Wellein, M.C.E., P.E., a licensed professional civil engineer.

45. IEG inspected the Property on May 8, 2026 and issued a written report dated May 10, 2026.

46. IEG evaluated four test areas, one on each directional slope of the roof, examining each shingle in the test areas tactilely and visually in accordance with recognized industry protocols. IEG documented thirty-two hail-damage impacts in the northeast (main-front) test area, eighteen in the southwest (main-rear) test area, eighteen in the southeast (gable-left) test area, and eleven in the northwest (gable-right) test area, with the southwest, southeast, and northwest test areas reduced in size to fifty, fifty, and twenty-five square feet respectively.

47. IEG further found that hail damage was prevalent on the cap and valley shingles; that hail indentations were present on a metal chimney flue cap and two metal vent boxes; that hail indentations were present on all northwest-facing fascia metal, on garage door trim metals, on all gutters, and on a downspout; and that hail damage was present on seven northwest elevation window screens.

48. Based on the foregoing findings and the weather data, the hail from the March 16, 2025 storm caused the direct physical damage observed at the Property, including the damage to the roof shingles.

49. The damage IEG documented across every slope of the roof is hail damage caused by the March 16, 2025 storm, not the result of wear and tear.

### H. The Cost to Repair

50. The hail damage to the Property cannot be repaired by spot repair. The roof covering is a twenty-one-year-old architectural asphalt shingle system with widespread damage across every slope, and no matching shingle is reasonably available. The roof requires full replacement.

51. Plaintiffs' public adjuster prepared a detailed line-item estimate of the reasonable cost to restore the Property to its pre-loss condition, prepared using industry-standard pricing for the Winchester, Virginia market and incorporating applicable Virginia Residential Code requirements. That estimate totals $56,652.23 in replacement cost value.

52. Travelers has paid $1,582.54. It has paid nothing further.

53. As a direct and proximate result of Travelers' refusal to pay, the Shorts have been unable to replace their roof, and the Property remains exposed to continuing water intrusion and further deterioration.

**COUNT I BREACH OF CONTRACT**

54. Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if fully set forth herein.

55. The Policy is a valid and enforceable contract between the Shorts and Travelers.

56. The Shorts performed all of their obligations under the Policy, including the payment of premiums and the reporting and documentation of the loss, or such performance was waived or excused by Travelers.

57. On March 16, 2025, while the Policy was in force, the Property sustained direct physical loss caused by hail, a peril insured against under the Policy and not excluded.

58. The Policy obligates Travelers to pay for that loss, subject only to the applicable deductible and the Policy's loss settlement provisions.

59. Travelers breached the Policy by refusing to pay for the hail damage to the roof and the related components of the dwelling; by applying a wear-and-tear exclusion to loss that was caused by hail; by unilaterally substituting a date of loss unsupported by the evidence and using that substituted date to exclude portions of the claim; by failing to conduct a reasonable investigation before denying the claim; and by paying only $1,582.54 against a loss exceeding $56,000.

60. The Policy, like every contract governed by Virginia law, carries an implied covenant of good faith and fair dealing. Travelers breached that covenant by the conduct described above, including by exercising its discretion in the adjustment of the claim arbitrarily, unreasonably, and in a manner that deprived the Shorts of the benefit of their bargain. Travelers further breached the implied covenant of good faith and fair dealing by, including without limitation: (1) stating at the time of the on-site inspection that the roof would be a full replacement, and then denying the claim; (2) changing the date of loss to September 6, 2023 although the date of loss was March 16, 2025; (3) arbitrarily denying the Shorts' claim for hail while providing coverage for a neighboring property, as more fully set forth in paragraph 64.

61. As a direct and proximate result of Travelers' breaches, the Shorts have suffered damages in an amount not less than $55,069.69, representing the reasonable cost to repair the covered loss less the amount Travelers has paid, together with such additional incidental and consequential damages as the evidence may prove and prejudgment interest.

**CLAIM FOR COSTS AND ATTORNEY'S FEES UNDER VA. CODE § 38.2-209**

62. Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if fully set forth herein.

63. Sonia Short and Christopher Short are each an "individual" insured within the meaning of Va. Code § 38.2-209(A), and this is a civil case in which insured individuals sue their insurer to determine what coverage exists under their policy.

64. Travelers did not act in good faith in denying coverage for and refusing to make payment on the Shorts' claim. Among other things:

(a) Travelers denied the claim on the same day it inspected the Property, without engaging any engineer, roofing consultant, or other qualified expert, and without conducting any test-area analysis of the roof;

(b) Travelers' own field adjuster concluded on site that the roof required full replacement, and Travelers reversed that assessment without any stated evidentiary basis;

(c) Travelers paid for hail damage to metal fascia, gutters, and window screens on the Property, thereby finding that damaging hail struck the Property, while simultaneously attributing the condition of the shingles on the same slopes to "wear and tear";

(d) Travelers offered no explanation, data, or analysis in support of its wear-and-tear determination beyond a single conclusory sentence, in violation of the standards governing claim handling in the Commonwealth;

(e) Travelers unilaterally changed the date of loss to September 6, 2023 — a date on which its own weather data showed that no damaging hail fell at the Property — without notice to its insureds, and used that substituted date to exclude portions of the claim;

(f) Travelers issued a single mailing bearing two different dates of loss, reflecting either a lack of any reasonable investigation or a deliberate effort to obscure the basis of its decision;

(g) On information and belief, Travelers accepted and paid a neighboring insured's claim arising from the same March 16, 2025 storm while refusing the Shorts' claim.

65. Travelers' interpretation of the Policy was not reasonable; its investigation was not reasonable; the evidence before it did not support denial; and the coverage question it manufactured was neither an issue of first impression nor fairly debatable.

66. Accordingly, the Shorts are entitled to recover from Travelers their costs and reasonable attorney's fees under Va. Code § 38.2-209(A).

## PRAYER FOR RELIEF

67. WHEREFORE, Plaintiffs Sonia Short and Christopher Short respectfully request that this Court:

(a) Enter judgment in their favor and against Defendant Travelers Personal Insurance Company on Count I in the amount of $70,000.00, exclusive of interest and costs, or such lesser amount as the evidence at trial may prove;

(b) Award prejudgment interest from March 16, 2025, or such other date as the Court deems appropriate, pursuant to Va. Code § 8.01-382;

(c) Award Plaintiffs their costs and reasonable attorney's fees pursuant to Va. Code § 38.2-209(A);

(d) Award post-judgment interest at the legal rate; and

(e) Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Date: August 11, 2026

Respectfully submitted,

**KLAPROTH LAW PLLC**

*/s/ Brendan J. Klaproth*

_______________________________

Brendan J. Klaproth (Va Bar 97494)
2300 Wisconsin Ave NW
Suite 100A
Washington, DC 20007
Telephone: 202-618-2344
Email: Bklaproth@klaprothlaw.com
*Attorney for Plaintiffs*

Service: FREDERICK CC SKAHLE at 2026AUG12 09:08 CL26000600-00

**PROOF OF SERVICE**
COMMONWEALTH OF VIRGINIA
Rule 3:6

Case No. CL26000600-00
Service No. 1 (Clerk's use only)
Service By: RICHMOND CITY

FREDERICK Circuit Court

5 N. KENT STREET, WINCHESTER 22601-
ADDRESS OF COURT

CH

SHORT, SONIA v. TRAVELERS PERSONAL INSURANCE

Service on: TRAVELERS PERSONAL INSURANCE, CORPORATE SERVICE COMPANY
100 SHOCKOE SLIP, FLOOR 2, RICHMOND, VA 23219-

Return shall be made hereon, showing service of the following:

[X] Summons issued on: AUGUST 12, 2026
DATE

[ ] Order dated

[ ]

with a copy of the following documents filed on AUGUST 11, 2026 attached:
DATE

COMPLAINT

RICHMOND CITY SHERIFF'S OFFICE CIVIL PROCESS 2026 AUG 21 PM 12:30

**RETURN OF SERVICE**

[√] Personal Service [ ] Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above:

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)
[ ] Served on Secretary of the Commonwealth.
[ ] Served on the Clerk of the State Corporation Commission pursuant to Virginia Code § 8.01-513.
[√] Served on registered agent of the corporation. List name and title: Affidavit Attached

[ ] Served on the Commissioner of the Department of Motor Vehicles.
FOR GARNISHMENT OF FEDERAL WAGES ONLY:
[ ] Pursuant to 5 U.S.C. § 5520a, service by certified or registered mail, return receipt requested.

[ ] not found

Antionette V. Irving, Sheriff

Date: AUG 24 2026 by Dep. E. Lee, Deputy Sheriff

CITY OF RICHMOND, VA
CITY OR COUNTY

FORM CC-1405 VJEFS 6/14

FRED CO CIRCUIT COURT
'26 SEP 3 AM10:20

# CERTIFICATE
# OF
# CORPORATION SERVICE COMPANY

**THIS CERTIFICATE MADE** pursuant to Subsection 2(b) of Section 13.1-634, Subsection 2(b) of Section 13.1-763, Subsection 2(b) of Section 13.1-1015 and Section 50-73.4 of the Virginia Code.

**CORPORATION SERVICE COMPANY**, a corporation authorized to do business in the Commonwealth of Virginia, does hereby certify that:

1. It is incorporated under the Laws of the State of Delaware and was authorized to do business in Virginia on June 1, 2001.

2. (a) It maintains a business office in the Commonwealth of Virginia at 100 Shockoe Slip, 2nd Floor, Richmond, VA 23219.

   (b) Service of process may be made at such business office in the City of Richmond upon corporations, limited liability companies, partnerships, trusts and other entities, associations and persons which have designated it as agent for service of process.

   (c) The names of the individuals authorized to receive process served upon Corporation Service Company as the agent for service of process of any corporations, limited liability companies, partnerships, trust and other entities, associations and persons which have designated it as such agent are:

| | |
|---|---|
| Beverley L. Crump | Served: Rene Nordquist |
| Dustin Kline | Sarah White |
| Katelyn VanBuren | |

**WHEREFORE**, Corporation Service Company has caused its corporate name to be hereunto subscribed this 22nd day of October 2024.

CORPORATION SERVICE COMPANY

By: ______________________
Executive Vice President

STATE OF DELAWARE
COUNTY OF NEW CASTLE

The foregoing instrument was acknowledged before me this 22nd day of October 2024, by George Massih

Janet B Woznicki
Notary Public

My Commission Expires: 5-18-2026

JANET B. WOZNICKI
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires 05-18-2026

**V I R G I N I A:**

**IN THE CIRCUIT COURT FOR FREDERICK COUNTY**

| | |
|---|---|
| **SONIA SHORT AND CHRISTOPHER SHORT,** | |
| **Plaintiffs,** | |
| **v.** | **Case No. CL26000600-00** |
| **TRAVELERS PERSONAL INSURANCE COMPANY,** | |
| **Defendant.** | |

**NOTICE OF FILING NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that a Notice of Removal of this action from the Circuit Court for the County of Frederick, Virginia to the United States District Court for the Western District of Virginia, Harrisonburg Division, a copy of which is attached hereto, was filed on the 18th day of September, 2026, in the United States District Court for the Western District of Virginia, Harrisonburg Division.

**Respectfully submitted,**

**TRAVELERS PERSONAL INSURANCE COMPANY**

**By:**________________________
**Counsel**

John B. Mumford, Jr. (VSB No. 38764)
Maureen E. Mshar (VSB No. 85680)
HANCOCK, DANIEL & JOHNSON, LLC
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
jmumford@hancockdaniel.com
mmshar@hancockdaniel.com
Telephone: (804) 967-9604
Facsimile: (804) 967-9888
*Counsel for Travelers Personal Insurance Company*

FRED CO CIRCUIT COURT
'26 SEP 22 AM10:32

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of September, 2026, a copy of the foregoing was sent via electronic mail to the following:

Brendan J. Klaproth (VSB No. 97494)
KLAPROTH LAW PLLC
2300 Wisconsin Ave NW, Suite 100A
Washington, DC 20007
Bklaproth@klaprothlaw.com
Telephone: (202) 618-2344
*Counsel for Plaintiff*

John B. Mumford, Jr. (VSB No. 38764)

HANCOCK DANIEL

4701 Cox Road, Suite 400, Glen Allen, VA 23060
T 804.967.9604 F 804.967.9888
**hancockdaniel.com**

John B. Mumford, Jr.
jmumford@hancockdaniel.com

September 18, 2026

**VIA FEDERAL EXPRESS**
Hon. Sarah J. Kahle
Frederick Circuit Court
5 North Kent Street
Winchester, VA 22601-5037

**Re: Sonia Short and Christopher Short v. Travelers Personal Insurance Company**
**Case No. : CL26000600-00**

Dear Ms. Kahle:

Enclosed for filing please find an original and one copy of the Notice of Filing Notice of Removal for the above-referenced case to the United States District Court for the Western District of Virginia, Harrisonburg Division. Also enclosed is a copy of our filed Notice of Removal.

Kindly return a stamped "filed" copy in the enclosed self-addressed, stamped envelope. Thank you for your assistance with this matter. Please do not hesitate to contact my office if anything further is needed.

Sincerely,

John B. Mumford, Jr.

JBM/dba
Enclosures

cc: Brendan J. Klaproth, Esq. (*via e-mail w/encls.*)

FRED CO CIRCUIT COURT
'26 SEP 22 AM10:32

CLERKS OFFICE
US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED
9/18/2026
LAURA A. AUSTIN, CLERK
BY: s/J. Lopez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **SONIA SHORT AND CHRISTOPHER SHORT,** | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | **Civil Action No.** 5:26cv126 |
| **TRAVELERS PERSONAL INSURANCE COMPANY,** | ) | |
| **Defendant.** | ) | |

## NOTICE OF REMOVAL

Defendant Travelers Personal Insurance Company ("Travelers"), by counsel, hereby files this Notice of Removal pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, and states as follows for its Notice of Removal:

1. This civil action commenced in the Circuit Court of Frederick County on August 12, 2026, with the filing of a Complaint by Plaintiffs Sonia Short and Christopher Short styled *Sonia Short and Christopher Short v. Travelers Personal Insurance Company*, CL26000600-00.

2. Attached hereto as **Exhibit A** and made part hereof is a copy of all the process, orders, and pleadings filed and/or served in this action, including the Complaint.

3. Defendant Travelers received a copy of the Complaint on August 21, 2026. This Notice of Removal is timely filed—within 30 days after Travelers was served with the Complaint (the initial pleading setting forth Plaintiffs' claims for relief upon which this action is based).

4. Plaintiff Sonia Short is and was, both at the time of the commencement of this action and at the time of filing of this Notice of Removal, a citizen of the United States domiciled in the Commonwealth of Virginia.

5. Plaintiff Christopher Short is and was, both at the time of the commencement of this action and at the time of filing of this Notice of Removal, a citizen of the United States domiciled in the Commonwealth of Virginia.

6. Defendant Travelers is and was, both at the time of the commencement of this action and at the time of the filing of this Notice of Removal, a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in Connecticut and, therefore, a citizen of Connecticut.

7. The amount in controversy is more than $75,000 (exclusive of costs and interest) as is sufficient for the diversity jurisdiction of this Court. As set forth in the Complaint, Plaintiff seeks to recover $70,000 based upon Travelers' breach of its homeowners insurance contract, as well as attorney fees and costs pursuant to Virginia Code § 38.2-209(A) (permitting an award of attorney's fees and costs upon the finding that an insurer did not act in good faith in denying coverage).[1]

8. This action is a civil action over which the Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332 and which is removable pursuant to 28 U.S.C. § 1441 in that:

(a) The matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs; and

---

[1] It is proper for this Court to consider Plaintiffs' requested attorney's fees as part of the amount in controversy because the statute relied upon by Plaintiffs entitles them to attorney's fees if the Court finds Travelers did not act in good faith in adjudicating Plaintiffs' insurance claim. *See Riley v. Liberty Mut. Grp., Inc.*, 591 F. Supp. 3d 29, 35 (E.D. Va. 2022) (citing Va. Code § 38.2-209 and considering attorney's fees as part of the amount in controversy where the statute mandates payment of such fees upon a finding of bad faith).

(b) Plaintiffs were and are, both at the time of the commencement of this action and at the time of the filing of this Notice of Removal, citizens of the Commonwealth of Virginia; and

(c) Defendant Travelers is and was, both at the time of the commencement of this action and at the time of the filing of this Notice of Removal, a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in Connecticut and, therefore, a citizen of Connecticut; and

(e) Defendant Travelers has consented to and requests removal.

9. Travelers will promptly give written notice of the filing of this Notice of Removal to Plaintiffs and will promptly file a copy of this Notice with the Circuit Court of Frederick County.

WHEREFORE, Travelers Personal Insurance Company hereby requests that this action be removed from the Circuit Court of Frederick County, Virginia to the United States District Court for the Western District of Virginia, Harrisonburg Division, pursuant to this Notice of Removal, and that the Court assume jurisdiction over this action.

**Respectfully submitted,**

**TRAVELERS PERSONAL INSURANCE COMPANY**

**By:** /s/ John B. Mumford, Jr.
**Counsel**

John B. Mumford, Jr. (VSB No. 38764)
Maureen E. Mshar (VSB No. 85680)
HANCOCK, DANIEL, & JOHNSON, LLC
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
jmumford@hancockdaniel.com
mmshar@hancockdaniel.com
Telephone: (804) 967-9604
Facsimile: (804) 967-9888
*Counsel for Travelers Personal Insurance Company*



FRED CO CIRCUIT COURT
'26 SEP 22 AM10:36

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of September, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brendan J. Klaproth (VSB No. 97494)
KLAPROTH LAW PLLC
2300 Wisconsin Ave NW, Suite 100A
Washington, DC 20007
Telephone: (202) 618-2344
Bklaproth@klaprothlaw.com
*Counsel for Plaintiff*

/s/ John B. Mumford, Jr.
John B. Mumford, Jr. (VSB No. 38764)

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Sonia Short and Christopher Short

**(b)** County of Residence of First Listed Plaintiff: Frederick
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brendan J. Klaproth; Klaproth Law PLLC
2300 Wisconsin Ave NW, Ste 100A, Washington DC 20007

## DEFENDANTS

Travelers Personal Insurance Company

County of Residence of First Listed Defendant: Connecticut
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
John B. Mumford, Jr.; Hancock, Daniel & Johnson, LLC
4701 Cox Rd., Ste. 200; Glen Allen, VA 23060

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. §§ 1332, 1441, and 1446

Brief description of cause:
Insurance declaratory judgment/breach of contract action

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 76,238.34

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE: Sep 18, 2026

SIGNATURE OF ATTORNEY OF RECORD: /s/ John B. Mumford, Jr.

**FOR OFFICE USE ONLY**

RECEIPT # AVAWDC-5018641 AMOUNT 405 APPLYING IFP ______ JUDGE CULLEN MAG. JUDGE HOPPE

CSC

SLM / ALL
**Transmittal Number: 34785007**
**Date Processed: 08/13/2026**

# Notice of Service of Process

**Primary Contact:** Sharon Brooks - MS 08-A
The Travelers Companies, Inc.
1 Tower Sq
Rm 8MS
Hartford, CT 06183-0001

| | |
|---|---|
| **Entity:** | Travelers Personal Insurance Company<br>Entity ID Number 2317895 |
| **Entity Served:** | Travelers Personal Insurance Company |
| **Title of Action:** | Sonia Short vs. Travelers Personal Insurance Company |
| **Matter Name/ID:** | Sonia Short vs. Travelers Personal Insurance Company (19747618) |
| **Document(s) Type:** | Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Frederick County Circuit Court, VA |
| **Case/Reference No:** | JGC3393001H *Courtesy Copy* |
| **Jurisdiction Served:** | Connecticut |
| **Date Served on CSC:** | 08/13/2026 |
| **Answer or Appearance Due:** | Other/NA |
| **Originally Served On:** | Travelers Personal Insurance Company on 08/12/2026 |
| **How Served:** | Client Direct |
| Sender Information: | Klaproth Law PLLC<br>202-618-2344 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

**EXHIBIT A**

Uploaded: 2026AUG11 [illegible] KLAPROTH [illegible]
eFiled: 2026AUG11 FREDERICK CC SKAHLE at 2026AUG12 09:08 CL26000606-00

**VIRGINIA:**

**IN THE CIRCUIT COURT OF FREDERICK COUNTY**

**SONIA SHORT** and **CHRISTOPHER SHORT**
c/o Klaproth Law PLLC
2300 Wisconsin Ave NW
Suite 100A
Washington, DC 20007

Plaintiffs,

v.

Case No. _______________

**TRAVELERS PERSONAL INSURANCE COMPANY**
One Tower Square
Hartford, Connecticut 06183

SERVE: Corporate Service Company
100 Shockoe Slip, Floor 2
Richmond, VA 23219

Defendant

**COMPLAINT**

Plaintiffs Sonia Short and Christopher Short, by counsel, state the following for their Complaint against Defendant Travelers Personal Insurance Company:

**I. NATURE OF THE ACTION**

1. This is an action for breach of a homeowners insurance contract. On March 16, 2025, a severe hailstorm struck the Shorts' home in Middletown, Virginia. Travelers insured that home. Travelers' own field adjuster inspected the roof, agreed on site that the roof required full replacement, and then — after the file went to a manager — Travelers paid the Shorts $1,582.54 for a handful of window screens, twelve feet of gutter, and some fascia metal, and refused to pay anything at all for the roof.

2. Travelers' stated reason for refusing to pay for the roof was that the shingles exhibited "wear and tear due to granular loss." That explanation cannot be squared with Travelers' own

conduct. In the very same estimate, Travelers paid for hail damage to the metal fascia, the gutters, and seven window screens on the same elevations of the same house. Travelers thus conceded that hail struck the property with force sufficient to damage building components (including metal), but then declined to look at the roof it had already agreed to replace.

3. Two facts confirm that Travelers' refusal was not made in good faith. First, in the same letter denying the claim, Travelers unilaterally changed the date of loss from March 16, 2025 to September 6, 2023 and used that fabricated date to exclude the interior damage from the claim. Second, on information and belief, Travelers accepted and paid a hail claim submitted by a neighboring insured, whose home sits approximately 362 feet from the Shorts' home, arising out of the same March 16, 2025 storm.

4. A licensed professional engineer retained by the Shorts has since inspected the roof and documented hail-damage impacts in every test area on every slope of the roof, together with hail damage to the cap and valley shingles, roof-level metals, fascia, trim, gutters, downspouts, and window screens. The March 16, 2025 hail caused the direct physical damage observed at the home, including the roof shingles.

5. The reasonable cost to repair the covered damage is not less than $56,652.23. Travelers has paid $1,582.54. Plaintiffs bring this action to recover the balance due under the policy, together with prejudgment interest, and costs and reasonable attorney's fees under Va. Code § 38.2-209(A).

## II. PARTIES

6. Plaintiff Sonia Short is a natural person and a citizen and resident of Frederick County, Virginia. She is a named insured under the policy of insurance at issue and an owner of the insured property.

7. Plaintiff Christopher Short is a natural person and a citizen and resident of Frederick County, Virginia. He is a named insured under the policy of insurance at issue and an owner of the insured property.

8. Defendant Travelers Personal Insurance Company is a foreign insurance company organized under the laws of the State of Connecticut, with its principal place of business at One Tower Square, Hartford, Connecticut. Travelers is licensed by the Virginia State Corporation Commission to write property and casualty insurance in the Commonwealth of Virginia, transacts substantial business in Frederick County and throughout Virginia, and issued the policy at issue in this action to Virginia residents insuring Virginia real property.

## III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under Va. Code § 17.1-513 because this is a civil action at law in which the amount in controversy exceeds the jurisdictional minimum of this Court.

10. This Court has personal jurisdiction over Travelers under Va. Code §§ 8.01-328.1(A)(1) and (A)(4) and 38.2-800 et seq. because Travelers transacts business in the Commonwealth, contracted to insure real property located in the Commonwealth, and is licensed and regulated by the Virginia State Corporation Commission.

11. Venue is proper in this Court under Va. Code § 8.01-262(3) and (4) because Travelers regularly conducts substantial business activity in Frederick County, the insured property is located in Frederick County, the loss occurred in Frederick County, and the cause of action arose in Frederick County.

## IV. FACTUAL ALLEGATIONS

### A. The Policy

12. At all times relevant to this Complaint, the Shorts owned and resided at the single-family dwelling located at 3418 Long Meadow Road, Middletown, Virginia 22645 (the "Property"). The dwelling was constructed in 2005 and is a one-and-one-half story frame home with vinyl siding and an architectural laminated asphalt-fiberglass shingle roof of approximately 4,070 square feet across twenty-one facets.

13. Travelers issued to Christopher Short and Sonia Short homeowners insurance policy number 608487015 633 1 (the "Policy"), which was in full force and effect on March 16, 2025.

14. The Policy insures against direct physical loss to the dwelling except as expressly excluded. Hail is a covered peril under the Policy. Travelers' own policyholder materials describe the coverage as protecting against "[h]ail, lightning, and other weather events [that] can damage your roof, windows, siding, and more."

15. Under the Policy, Coverage A – Dwelling was written with a limit of $492,000 and a $1,000 all-perils deductible, and the Policy includes replacement-cost loss settlement for the dwelling.

16. The Shorts paid all premiums due under the Policy and performed all conditions precedent required of them, or such conditions have been waived or excused.

**B. The March 16, 2025 Hailstorm**

17. On the evening of Sunday, March 16, 2025, a severe thunderstorm moved through Frederick County, Virginia. At 7:51 p.m. EDT, the National Weather Service office in Sterling, Virginia issued a Severe Thunderstorm Warning covering, among other areas, southeastern Frederick County, warning of sixty-mile-per-hour wind gusts and hail.

18. Radar-derived hail-verification data place hail impact at the Property at approximately 8:06 p.m. EDT on March 16, 2025, with the storm moving east-northeast at approximately 45 miles per hour.

19. A Hail Verification Report generated by CoreLogic (Cotality) Weather Verification Services for the Property reports that on March 16, 2025, hail with an estimated maximum size of 0.9 inch fell at the Property, hail of 1.0 inch fell within one mile, and hail of 1.2 inches fell within three miles.

20. Of the hail events reflected in the CoreLogic report for the preceding ten years, only the March 16, 2025 storm and a single May 2017 event produced hail of 0.9 inch or greater at the Property.

**C. The Claim, the Inspection, and Travelers' On-Site Agreement to Replace the Roof**

21. Following the storm, the Shorts observed damage to the Property and reported a claim to Travelers. Travelers assigned claim number JGC3393 (also identified in its records as JGC3393001H) and assigned claim professional Bobby Simms to handle the claim.

22. The Shorts retained Telos Adjusting LLC, a public adjusting firm licensed in Virginia, to assist in the presentation of the claim, and Telos submitted a letter of representation to Travelers.

23. On April 16, 2026, Travelers inspected the Property. Travelers' claim professional, Bobby Simms, attended the inspection along with a third-party ladder-assist vendor. A representative of Telos Adjusting LLC attended on behalf of the Shorts.

24. During that inspection, Travelers' adjuster and the Shorts' representative jointly identified hail damage to the roof and to collateral components, including significant hail impacts to the fascia metal on the elevation facing the predominant storm direction. Roof metals on the front, rear, and right slopes were marked as damaged.

25. At the conclusion of the inspection, Travelers' adjuster stated that he would write an estimate for a full roof replacement, but that the estimate would have to be approved by his manager.

**D. Travelers' April 16, 2026 Partial Denial**

26. Notwithstanding the field adjuster's on-site assessment, Travelers issued a letter and estimate dated April 16, 2026 in which it refused to pay for any roof repair or replacement.

27. Travelers' estimate calculated a total replacement cost value of $3,092.83, less recoverable depreciation of $510.29, for an actual cash value of $2,582.54, less the $1,000 deductible, for a net payment of $1,582.54.

28. The only building damage Travelers agreed to pay for was the replacement of six window screens, twelve linear feet of aluminum gutter or downspout, 107.5 linear feet of eight-inch metal fascia, one truckload of debris removal, and four trade labor minimums — for window, gutter, roofing, and fireplace work — that together accounted for $1,092.99 of the estimate.

29. Travelers' estimate included a "roofing labor minimum" of $503.58 and a "fireplace repair labor minimum" of $151.07, confirming that Travelers itself recognized that hail had damaged roof-level components requiring roofing trade work, even as it refused to pay for the roof covering.

30. Travelers' stated basis for refusing to pay for the roof was set out in a single sentence: "Our research found that your shingles had wear and tear due to granular loss. Wear and tear is not covered under your policy." Travelers then stated: "Because wear and tear is an exception under your policy, your policy does not provide coverage for this portion of the loss."

31. Travelers did not state that the roof was undamaged by hail. Travelers did not state that no hail fell at the Property. Travelers did not identify any test area, any measurement, any

weather data, any photograph, or any expert opinion supporting the conclusion that the condition of the roof was attributable to wear and tear rather than to the March 16, 2025 hailstorm.

32. Travelers did not retain an engineer, a roofing consultant, or any other expert to evaluate the roof before denying the claim.

33. Travelers' own estimate is internally inconsistent with its stated basis for denial. Granular loss on shingles does not damage metal fascia, aluminum gutters, or fabric window screens. By paying for hail damage to those components, Travelers necessarily found that hail of damaging force struck the Property. Having so found, Travelers had no reasonable basis to attribute the condition of the shingles on the same slopes of the same roof to "wear and tear."

**E. Travelers Changed the Date of Loss**

34. In the same letter in which it refused to pay for the roof, Travelers wrote: "I did not include the interior damage as the date of loss is being changed to 9/6/2023."

35. The Shorts never asserted a claim for a September 6, 2023 loss. They never reported a September 6, 2023 loss. They never agreed to any change in the date of loss. Travelers made the change unilaterally, without notice, without explanation, and without any stated evidentiary basis.

36. Travelers' own claim materials are internally contradictory on this point. The cover letter of the April 16, 2026 correspondence identifies the "Date of loss" as "March 16, 2025." The estimate transmitted with that same letter, in the same envelope, identifies the "Date of Loss" as "9/6/2023 12:00 AM."

37. The substituted date is not supported by, and is affirmatively contradicted by, the weather data available to Travelers. Radar-derived hail verification for the Property reports hail of less than 0.75 inch at the Property on September 6, 2023 — below the size at which hail is generally

Case 5:26-cv-00126-TTC-JCH Document 1-2 Filed 09/18/26 Page 9 of 15 Pageid#: 14

capable of damaging asphalt shingles — as compared with 0.9 inch at the Property on March 16, 2025.

38. The purpose and effect of substituting the September 6, 2023 date were to reduce and defeat the claim. Travelers used the substituted date expressly to exclude the interior damage from the claim.

39. A reasonable insurer investigating this claim in good faith would not have moved the date of loss backward by eighteen months to a date its own data showed produced no damaging hail, would not have done so without notice to its insureds, and would not have issued a single mailing bearing two different dates of loss.

**F. Travelers Paid a Neighboring Insured for the Same Storm**

40. On information and belief, Travelers also insured a residential property located approximately 362 feet from the Property, on the same street and within the same hail-affected area.

41. On information and belief, the owner of that neighboring property submitted a claim to Travelers for hail damage caused by the same March 16, 2025 storm.

42. On information and belief, Travelers investigated that neighbor's claim, determined that the March 16, 2025 storm caused covered hail damage to the neighboring property, and paid that claim.

43. Hail from a single storm cell does not discriminate between adjacent homes separated by the length of a football field. Travelers' acceptance of a neighboring insured's claim for the same storm, while refusing the Shorts' claim on the ground that no covered loss occurred, is evidence that Travelers' refusal was not the product of a reasonable, uniform, and good-faith application of the same policy language to the same facts.

### G. The Engineering Evidence

44. After Travelers refused the claim, Plaintiffs retained, through their public adjuster, Integrity Engineering Group, LLC ("IEG") to evaluate the Property. The assignment was performed by Patrick J. Wellein, M.C.E., P.E., a licensed professional civil engineer.

45. IEG inspected the Property on May 8, 2026 and issued a written report dated May 10, 2026.

46. IEG evaluated four test areas, one on each directional slope of the roof, examining each shingle in the test areas tactilely and visually in accordance with recognized industry protocols. IEG documented thirty-two hail-damage impacts in the northeast (main-front) test area, eighteen in the southwest (main-rear) test area, eighteen in the southeast (gable-left) test area, and eleven in the northwest (gable-right) test area, with the southwest, southeast, and northwest test areas reduced in size to fifty, fifty, and twenty-five square feet respectively.

47. IEG further found that hail damage was prevalent on the cap and valley shingles; that hail indentations were present on a metal chimney flue cap and two metal vent boxes; that hail indentations were present on all northwest-facing fascia metal, on garage door trim metals, on all gutters, and on a downspout; and that hail damage was present on seven northwest elevation window screens.

48. Based on the foregoing findings and the weather data, the hail from the March 16, 2025 storm caused the direct physical damage observed at the Property, including the damage to the roof shingles.

49. The damage IEG documented across every slope of the roof is hail damage caused by the March 16, 2025 storm, not the result of wear and tear.

### H. The Cost to Repair

50. The hail damage to the Property cannot be repaired by spot repair. The roof covering is a twenty-one-year-old architectural asphalt shingle system with widespread damage across every slope, and no matching shingle is reasonably available. The roof requires full replacement.

51. Plaintiffs' public adjuster prepared a detailed line-item estimate of the reasonable cost to restore the Property to its pre-loss condition, prepared using industry-standard pricing for the Winchester, Virginia market and incorporating applicable Virginia Residential Code requirements. That estimate totals $56,652.23 in replacement cost value.

52. Travelers has paid $1,582.54. It has paid nothing further.

53. As a direct and proximate result of Travelers' refusal to pay, the Shorts have been unable to replace their roof, and the Property remains exposed to continuing water intrusion and further deterioration.

## COUNT I BREACH OF CONTRACT

54. Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if fully set forth herein.

55. The Policy is a valid and enforceable contract between the Shorts and Travelers.

56. The Shorts performed all of their obligations under the Policy, including the payment of premiums and the reporting and documentation of the loss, or such performance was waived or excused by Travelers.

57. On March 16, 2025, while the Policy was in force, the Property sustained direct physical loss caused by hail, a peril insured against under the Policy and not excluded.

58. The Policy obligates Travelers to pay for that loss, subject only to the applicable deductible and the Policy's loss settlement provisions.

59. Travelers breached the Policy by refusing to pay for the hail damage to the roof and the related components of the dwelling; by applying a wear-and-tear exclusion to loss that was caused by hail; by unilaterally substituting a date of loss unsupported by the evidence and using that substituted date to exclude portions of the claim; by failing to conduct a reasonable investigation before denying the claim; and by paying only $1,582.54 against a loss exceeding $56,000.

60. The Policy, like every contract governed by Virginia law, carries an implied covenant of good faith and fair dealing. Travelers breached that covenant by the conduct described above, including by exercising its discretion in the adjustment of the claim arbitrarily, unreasonably, and in a manner that deprived the Shorts of the benefit of their bargain. Travelers further breached the implied covenant of good faith and fair dealing by, including without limitation: (1) stating at the time of the on-site inspection that the roof would be a full replacement, and then denying the claim; (2) changing the date of loss to September 6, 2023 although the date of loss was March 16, 2025; (3) arbitrarily denying the Shorts' claim for hail while providing coverage for a neighboring property, as more fully set forth in paragraph 64.

61. As a direct and proximate result of Travelers' breaches, the Shorts have suffered damages in an amount not less than $55,069.69, representing the reasonable cost to repair the covered loss less the amount Travelers has paid, together with such additional incidental and consequential damages as the evidence may prove and prejudgment interest.

**CLAIM FOR COSTS AND ATTORNEY'S FEES UNDER VA. CODE § 38.2-209**

62. Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if fully set forth herein.

63. Sonia Short and Christopher Short are each an "individual" insured within the meaning of Va. Code § 38.2-209(A), and this is a civil case in which insured individuals sue their insurer to determine what coverage exists under their policy.

64. Travelers did not act in good faith in denying coverage for and refusing to make payment on the Shorts' claim. Among other things:

(a) Travelers denied the claim on the same day it inspected the Property, without engaging any engineer, roofing consultant, or other qualified expert, and without conducting any test-area analysis of the roof;

(b) Travelers' own field adjuster concluded on site that the roof required full replacement, and Travelers reversed that assessment without any stated evidentiary basis;

(c) Travelers paid for hail damage to metal fascia, gutters, and window screens on the Property, thereby finding that damaging hail struck the Property, while simultaneously attributing the condition of the shingles on the same slopes to "wear and tear";

(d) Travelers offered no explanation, data, or analysis in support of its wear-and-tear determination beyond a single conclusory sentence, in violation of the standards governing claim handling in the Commonwealth;

(e) Travelers unilaterally changed the date of loss to September 6, 2023 — a date on which its own weather data showed that no damaging hail fell at the Property — without notice to its insureds, and used that substituted date to exclude portions of the claim;

(f) Travelers issued a single mailing bearing two different dates of loss, reflecting either a lack of any reasonable investigation or a deliberate effort to obscure the basis of its decision;

(g) On information and belief, Travelers accepted and paid a neighboring insured's claim arising from the same March 16, 2025 storm while refusing the Shorts' claim.

65. Travelers' interpretation of the Policy was not reasonable; its investigation was not reasonable; the evidence before it did not support denial; and the coverage question it manufactured was neither an issue of first impression nor fairly debatable.

66. Accordingly, the Shorts are entitled to recover from Travelers their costs and reasonable attorney's fees under Va. Code § 38.2-209(A).

**PRAYER FOR RELIEF**

67. WHEREFORE, Plaintiffs Sonia Short and Christopher Short respectfully request that this Court:

(a) Enter judgment in their favor and against Defendant Travelers Personal Insurance Company on Count I in the amount of $70,000.00, exclusive of interest and costs, or such lesser amount as the evidence at trial may prove;

(b) Award prejudgment interest from March 16, 2025, or such other date as the Court deems appropriate, pursuant to Va. Code § 8.01-382;

(c) Award Plaintiffs their costs and reasonable attorney's fees pursuant to Va. Code § 38.2-209(A);

(d) Award post-judgment interest at the legal rate; and

(e) Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Date: August 11, 2026

Respectfully submitted,

**KLAPROTH LAW PLLC**

*/s/ Brendan J. Klaproth*

Brendan J. Klaproth (Va Bar 97494)
2300 Wisconsin Ave NW
Suite 100A
Washington, DC 20007
Telephone: 202-618-2344
Email: Bklaproth@klaprothlaw.com
*Attorney for Plaintiffs*

Receipt : 26000016399

Page 1 of 1

COURT ADDRESS:
5 NORTH KENT STREET
WINCHESTER, VA 22601
PHONE # :540-667-5770

CREDIT CARD NUMBER (LAST 4 DIGITS) : 1839
CARD TRANSACTION DATE : 08/12/2026 09:08:43

OFFICIAL RECEIPT
FREDERICK CIRCUIT COURT
CIVIL

COPY

DATE : 08/12/2026 TIME : 09:08:43 CASE # : 069CL2600060000
RECEIPT # : 26000016399 TRANSACTION # : 26081200003 FILING TYPE : CNTR PAYMENT : FULL PAYMENT
CASHIER : SJK REGISTER # : EFL
CASE COMMENTS : SHORT, SONIA v. TRAVELERS PERSONAL INSUR
SUIT AMOUNT : $70,000.00
ACCOUNT OF : SHORT, SONIA
PAID BY : KLAPROTH LAW PLLC
CREDIT/DEBIT CARD : $262.50
DESCRIPTION 1 : PLAINTIFF/PETITIONER: SHORT, SONIA
2 : NO HEARING SCHEDULED

| ACCOUNT CODE | DESCRIPTION | PAID | ACCOUNT CODE | DESCRIPTION | PAID |
|---|---|---|---|---|---|
| 049 | WRIT TAX (CIVIL) | $15.00 | 219 | LAW LIBRARY | $4.00 |
| 106 | TECHNOLOGY TRST FND | $8.00 | 228 | COURTHOUSE CONSTRUCTION FEE (CHCF) | $3.00 |
| 123 | LEGAL AID SERVICES | $9.00 | 229 | COURTHOUSE MAINTENANCE FEE (CHMF) | $2.00 |
| 147 | INDIGENT ASSISTANCE (INA) | $1.00 | 304 | CIVIL FILING FEE (LAW & EQUITY) | $190.00 |
| 170 | COURT TECHNOLOGY FUND | $10.00 | 426 | EFILING COPY FEES | $6.50 |
| 206 | SHERIFF FEES | $12.00 | 407 | CONVENIENCE FEE | $2.00 |

TENDERED : $ 262.50
AMOUNT PAID : $ 262.50

*CLERK OF COURT : SARAH J. KAHLE*

| | | |
|---|---|---|
| FREDERICK CIRCUIT | | Case No.:CL26000600-00 |
| SHORT, SONIA | vs. | TRAVELERS PERSONAL INSURANCE |

TABLE OF CONTENTS


| Document Index | Date Filed | Page |
|---|---|---|
| **Manuscripts:** | | |
| COMPLAINT | 08/11/2026 | 1 - 13 |
| TRAVELERS PERSONAL INSURANCE - RICH | 08/12/2026 | 14 - 30 |
| NOTICE - FILING & REMOVAL | 09/22/2026 | 31 - 33 |
| NOTICE - OF REMOVAL | 09/22/2026 | 34 - 53 |


I, Sarah J. Kahle, Clerk of the Frederick Circuit, certify that the contents of the record listed in the table of contents constitute the true and complete record, except for exhibits whose omission are noted in the table of contents.